UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS LATHROP,

    Petitioner,                              Civil Action No. 14-cv-11851

v.                                                 HON. BERNARD A. FRIEDMAN

O. C. WINN,

    Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR
SUMMARY JUDGMENT, DISMISSING PETITION FOR WRIT OF
HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY**

        Petitioner Louis Lathrop has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is in the custody of the Michigan Department of Corrections due to convictions for three counts of third-degree criminal sexual conduct.  Respondent moves for summary judgment on the ground that the petition is untimely [docket entry 5].  The Court finds that the petition is untimely and grants respondent's motion.

**I.**       **Background**

        Petitioner pleaded guilty in Montcalm County Circuit Court to third-degree criminal sexual conduct (incapacitated victim), M.C.L. § 750.520d(1)(c), and two counts of third-degree criminal sexual conduct (multiple variables), M.C.L. § 750.520d.  On May 31, 2007, he was sentenced to 9 to 22 years for the third-degree criminal sexual conduct (incapacitated victim) conviction, and 15 to 22 years for the third-degree criminal sexual conduct (multiple variables) convictions.

        Petitioner filed an application for leave to appeal in the Michigan Court of Appeals.

The Michigan Court of Appeals denied leave to appeal. *People v. Lathrop*, No. 283512 (Mich. Ct. App. March 21, 2008). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. On June 23, 2008, the Michigan Supreme Court denied leave to appeal. *People v. Lathrop*, 481 Mich. 917 (Mich. June 23, 2008).

On July 11, 2012, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion. *People v. Lathrop*, No. 07-009015-FC (Montcalm County Cir. Ct. July 20, 2012). The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal on July 3, 2013. *People v. Lathrop,* No. 312452 (Mich. Ct. App. July 3, 2013). The Michigan Supreme Court denied leave to appeal on December 23, 2013. *People v. Lathrop,* 495 Mich. 913 (Mich. 2013).

Petitioner filed the pending habeas petition on May 2, 2014.

**II.    Discussion**

Respondent argues that the petition is barred by the one-year statute of limitations. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The one-year limitation period begins at the deadline for filing a petition for a writ of certiorari to the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). In addition, the time during which a prisoner seeks state court collateral review of a conviction does not count toward the limitation period. 28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007). A properly filed application for state post-conviction relief, while tolling the

limitation period, does not re-fresh the limitation period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner appealed his conviction first to the Michigan Court of Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on June 23, 2008. Petitioner had ninety days from that date to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. Thus, his conviction became final on September 21, 2008, when the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period commenced on September 22, 2008, and continued to run uninterrupted until it expired one year later.

Petitioner's motion for relief from judgment did not toll the limitations period. The motion for relief from judgment was filed on July 11, 2012, nearly four years after the limitations period already expired. *Vroman*, 346 F.3d at 602 (6th Cir. 2003) (holding that the filing of a motion for collateral review in state court serves to "pause" the clock, not restart it).

Equitable tolling is available to toll a statute of limitations when "'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). The one-year limitations period applicable to § 2254 is "subject to equitable tolling in appropriate cases." *See*

3

*Holland v. Florida*, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A claim of actual innocence may also justify equitable tolling in certain circumstances. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Robertson*, 624 F.3d at 784.

Petitioner does not assert an argument for equitable tolling in his petition or in his response to the motion. As such, the Court finds no basis for equitable tolling and will grant the motion for summary judgment.

### III.     Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of

appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

**IV.    Conclusion**

Petitioner failed to file his habeas petition within the applicable one-year limitations period and equitable tolling of the limitations period is not warranted. Accordingly,

IT IS HEREBY ORDERED that respondent's motion for summary judgment [docket entry 5] is granted and the petition for a writ of habeas corpus is dismissed.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis, as any appeal in this matter would be frivolous. *See* 28 U.S.C. § 1915(a)(3).

                                                S/ Bernard A. Friedman_____
                                                BERNARD A. FRIEDMAN
                                                SENIOR UNITED STATES DISTRICT JUDGE

Dated: January 16, 2015
       Detroit, Michigan